# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| STEVEN T., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-07369-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Steven T. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB").[1] The Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I. BACKGROUND

Plaintiff applied for DIB on November 20, 2014, alleging disability beginning June 5, 2007. See Dkt. 19, Administrative Record ("AR") 208-14. Plaintiff subsequently amended his onset date to November 20, 2014. See AR 36. After his claim was denied initially and on reconsideration, Plaintiff

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

requested and received a hearing before an Administrative Law Judge ("ALJ") on March 16, 2017. See AR 33-85.

On June 12, 2017, the ALJ issued a written decision. See AR 15-24. At step two of the five-step sequential evaluation process, the ALJ determined that Plaintiff had the medically determinable impairments of chronic sinus infection, hearing loss, and depressive disorder, but found that they were not severe. See AR 17-23. Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. See AR 23.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ erred in finding that Plaintiff did not suffer from a severe mental impairment. See Dkt 22, Joint Stipulation ("JS") at 3.

### A. Legal Standard

At step two, the ALJ assesses whether the claimant has a medically severe impairment or combination of impairments that lasted or was expected to last for a continuous period of at least 12 months. See 20 C.F.R. § 404.1520(a)(4)(ii). Severe impairments have more than a minimal effect on an individual's ability to perform basic work activities. See Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005); see also Social Security Regulation No. 96-3(p) (1996). This inquiry is "a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).

### B. ALJ Reasoning

Because the Plaintiff had a medically determinable mental impairment, the ALJ considered the four broad functional areas for evaluating mental disorders, known as the "paragraph B" criteria. See AR 23; see also 20 C.F.R.

§ 404.1520a(c). The ALJ found that Plaintiff had "no limitation" in each of the four categories: (1) understanding, remember, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. See AR 23. In making this finding, the ALJ credited the opinion of Plaintiff's psychiatrist, Dr. Sumathi Balaraman, and discredited the opinion of Plaintiff's therapist, Eric S. Young. See id. As Plaintiff's mental impairment caused no more than "mild" limitation in any of the four functional areas, the ALJ concluded that it was not severe. See AR 23 (citing 20 C.F.R. § 404.1521a(d)(1)).

## C. Analysis

Plaintiff argues that the ALJ "improperly parsed" the opinions of Dr. Balaraman and Young. JS at 9-13.

### 1. Dr. Balaraman

The ALJ found that Dr. Balaraman's opinion "indicating good mental functioning" was "well supported and persuasive, based on clinical findings." AR 23 (citing AR 439, 677-84, 731-49). Plaintiff briefly contends that Dr. Balaraman's treatment records support a finding that Plaintiff's mental limitations were moderate, if not severe. See JS at 11-12. To the contrary, the records show that Dr. Balaraman assessed depression but with normal appearance, speech, thought process and content, affect, judgment, insight, orientation, memory, attention span, and concentration, with no homicidal or suicidal ideation. See AR 677 (September 2015 Progress Notes), 678 (July 2015 Progress Notes), 679 (May 2015 Progress Notes), 680 (April 2015 Progress Notes), 681-82 (March 2015 Progress Notes), 737 (February 2015 Evaluation). Nothing in Dr. Balaraman's notes would support a finding that Plaintiff had moderate or severe mental limitations.

3

### 2. Young

The ALJ rejected Young's opinion that Plaintiff had "significantly diminished" ability to concentrate and communicate because it was "contrary to the assessments of treating physicians, and Young's own findings, including findings [Plaintiff] was independent in activities of daily living, and generally pleasant and easy to talk to." AR 23 (citing AR 440-44, 685-92).

To reject the testimony of a medically acceptable treating source, the ALJ must provide "specific, legitimate reasons based on substantial evidence in the record." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "However, only licensed physicians and certain other qualified specialists are considered acceptable medical sources." Id. (alterations and citations omitted). As a licensed marriage and family therapist, Young is considered an "other source," and thus the ALJ could reject his testimony by giving "reasons germane" for doing so. Id. (citations omitted).

The ALJ properly discredited Young's opinion. First, the ALJ found that his opinion was inconsistent with that of Dr. Balaraman, who specialized in the relevant field of psychiatry, and whose opinion was therefore entitled to greater weight. See Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to . . . the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."). As noted above, the treatment notes from Dr. Balaraman showed mostly unremarkable findings that generally contradicted Young's assessments. For instance, while Young wrote that Plaintiff had a "significantly diminished ability to concentrate," Dr. Balaraman consistently found that Plaintiff had normal orientation, memory, attention span, and concentration. See, e.g., AR 677-82.

Second, the ALJ properly found Young's assessments were inconsistent with his own findings. See AR 23. Indeed, in February 2015, Young opined—

without any supporting reasoning or clinical findings—that Plaintiff would be unable to do work-related mental activities. See AR 440. But Young later noted that Plaintiff could take care of himself without assistance, was generally pleasant and easy to talk to except when stressed, and that he could typically accomplish his daily activities. See AR 684-88. These findings do not support Young's blanket pronouncement that Plaintiff could not adapt to a work environment.

Plaintiff also argues that Young opined as to other limitations that the ALJ ignored, for example, that Plaintiff could easily become critical toward others. See JS at 12 (citing AR 688). However, the ALJ was not required to specifically accept or reject each of Young's statements. In any event, any failure by the ALJ would be harmless given that those limitations were generally contradicted by other treating sources that the ALJ properly credited. See Molina, 674 F.3d at 1122.

## III. CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: November 22, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge